(No. 24231.—

THE PEOPLE *ex rel.* Harry W. Yohnka, Appellee, *vs.* CLARENCE J. KENNEDY, County Superintendent of Schools.— (ROSSIE DENNISON *et al.* Appellants.)

*Opinion filed October 22, 1937.*

ANKER C. JENSEN, for appellants.

V. A. PARISH, and EVA L. MINOR, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The questions presented in this cause are whether section 91a, added to the School law in 1929, (Laws of 1929, p. 741,) is void and unconstitutional in its entirety, and

the right of appellants to prosecute this appeal. Appellee and others filed a petition with the county superintendent of schools of Kankakee county for the annexation of certain non-high school territory to the Momence Community High School District No. 158. It is agreed that the petition and proceedings conformed to the provisions of section 91a. The county superintendent refused to annex the territory. Upon relator's petition and the answer of the county superintendent of schools, the circuit court awarded a writ of *mandamus* commanding the annexation.

Appellants were not parties to the *mandamus* proceeding. They appeal on the ground that they were owners of land within the territory ordered to be annexed and are injured by the order awarding the writ and will be benefited by its reversal. Appellee contends that neither the record nor the assignment of errors show that, at the time the notice of appeal was filed, appellants owned any land in the territory ordered to be annexed and that, therefore, they have no right to appeal.

Prior to the enactment of the Civil Practice act, one not a party to a suit had no right to appeal. (*People* v. *Franklin County Building Ass'n*, 329 Ill. 582.) The method for review in such a case was by prosecuting a writ of error. Section 81 of the Civil Practice act provides that the right theretofore possessed by any person not a party to the record to review a judgment or decree by writ of error shall be preserved by notice of appeal. To entitle such a person to review he must be injured by the judgment, order or decree, or be benefited by a reversal, or be competent to release errors. Before he can successfully prosecute an appeal his interest in the suit must appear in the transcript of the record or be alleged in the points relied upon for reversal. (*People* v. *Estate of Harrigan*, 294 Ill. 171.) A notice of appeal is a part of the record. The notice of appeal in this case alleges that appellants own land in the territory sought to be annexed; that they are

injured by the order and that they will be benefited by a reversal. The assignment of errors alleges that they have been landowners for many years in such territory, with the same allegations of injury and benefit. Their right to appeal sufficiently appears. Moreover, if appellee desired to challenge that right it should have moved to dismiss the appeal instead of asking an affirmance of the order.

Section 91a provides for creating new districts and the alteration of the boundaries of existing districts by the county superintendent of schools when petitioned by the requisite number of voters. By separate numbered paragraphs, it specifies he shall change the boundaries of township or community high-school districts so as (first) to detach territory from one high school district and add it to another high school district; (second) to create a community high school district from territory belonging to one or more township or community high school districts; (third) to annex territory not within a high school district to an existing high school district; and (fourth) to create a community high school district from territory belonging to one or more high school districts or a non-high school district; provided, no new community high school district be created wholly or in part from territory belonging to one or more high school districts unless the new district, and each of the remaining districts affected, contains an incorporated city or village of at least 3000 population. The proceedings in this case were under the third paragraph.

Appellants' contention that section 91a is unconstitutional in its entirety is based solely on our holding in *People* v. *Read,* 344 Ill. 397. In that case the legality of a community high school district organized under the fourth paragraph out of territory detached from an existing township high school district was attacked by *quo warranto.* The question before us was whether or not the requirement of the proviso to the fourth paragraph was a proper classification under section 22 of article 4 of the constitu-

tion which prohibits local or special legislation. We pointed out that, in effect, it excluded the inhabitants of a great portion of the State from many of the benefits of the act, and held that the proviso was purely arbitrary and had no logical connection with or reasonable relation to the objects or purposes of the legislation. In concluding the opinion we said, "In our judgment the provisions of section 91a are contrary to the constitutional provision forbidding special legislation and are therefore void."

It is obvious that the issues and their determination in that case were confined to the question of the effect of the proviso to the fourth paragraph. No question as to the validity of any other paragraph of section 91a was considered or at issue. It is equally obvious that the four paragraphs have no relation to each other. The situation intended to be covered by each of them is different from and independent of that of the others. In this case the proceedings were under the third paragraph, with which the illegal proviso to the fourth paragraph has no connection.

It has often been recognized that some of the provisions of a statute may be opposed to the constitution, while other provisions, standing by themselves, are unobjectionable. Void and valid parts of an act may be found in the same section or in different sections. The fact that part of a statute may be unconstitutional does not authorize the courts to declare the remainder void unless all the provisions are so connected in subject matter, and are so dependent upon each other, that the legislature would not be presumed to have passed the one without the other. (*People* v. *Crowe,* 327 Ill. 106; *People* v. *Long,* 297 id. 194.) It is also a principle of statutory construction that courts do not pass upon the constitutionality of parts of statutes not essential to the determination of the questions before them. (*People* v. *Long, supra.*) The basis of the opinion in *People* v. *Read, supra,* was the illegality of the proviso to the fourth paragraph. It cannot be reasonably

said that the legislature would not have enacted the third paragraph without the illegal proviso to the fourth paragraph. They are, therefore, not so inseparable and dependent upon each other as to require holding them both void. The issues in *People* v. *Read, supra,* did not require a holding that the entire section was void and we did not intend to so hold. Isolated expressions are not to be employed to expand the opinion into holding more than its plain import, or as deciding questions not essential to a determination of the issues before the court. The provisions mentioned in the closing sentence above quoted, refer only to the provisions attacked in that case, and no others. *People* v. *Read, supra,* is not to be interpreted as holding that section 91a is void in its entirety, but is to be applied only to the provisions there involved.

The order of the circuit court is, therefore, affirmed.

*Order affirmed.*