(No. 30611.—

ED. J. GRENNAN *et al.,* Appellants, *vs.* CARL E. SHELDON *et al.,* Appellees.

*Opinion filed September 24, 1948—Rehearing denied Nov. 18, 1948.*

SIMPSON, J., took no part.

Jacob Cantlin, and Samuel Rubin, both of Rock Falls, and Warner & Warner, of Dixon, (Henry C. Warner, of counsel,) for appellants.

Sheldon & Brown, and Besse & Besse, both of Sterling, for appellees.

Arthur J. Goldberg, (Goldberg, Devoe & Brussell, of counsel,) both of Chicago, for United Steel Workers of America, C.I.O., *amicus curiae*, on rehearing, Robert H. White, of Geneseo, also *amicus curiae*, on rehearing.

Mr. Justice Crampton delivered the opinion of the court:

This cause is here on appeal, to review an order of the county judge of Whiteside County for the holding of an election under the provisions of an act entitled "An Act in Relation to Hospital Authorities," approved July 23, 1947. (Ill. Rev. Stat. 1947, chap. 23, par. 163.1 *et seq.*) The appeal is taken directly to this court, as a constitutional question is involved.

Section 3 of the act provides in substance for the creation of a hospital authority within any compact and contiguous territory having a population of not less than 5000 and containing one or more municipalities, by the vote of a majority of the electors voting upon the question. Paragraph 1 of said section 3 provides that any 500 or more electors may file a petition, addressed to the judge of the county court, requesting an election on the proposition. It further provides that the petitioners shall designate one or more persons to represent them on the petition and in the proceedings thereon, and that notice of the hearing on the petition shall be given by publication. Paragraph 2 of section 3 provides, *inter alia,* that if the petition is found to be sufficient the county judge shall by written order call an election as prayed therein. This paragraph also contains a proviso, "that if said territory shall include any land outside the corporate limits of any municipality, and if a peti-

tion signed by 1,000 legal voters, or not less than 10% of the registered legal voters, residing within that portion of the territory lying outside the corporate limits of any municipality, whichever is fewer, requesting a separate vote in such unincorporated area, is presented to the county judge at the time of the public hearing, such order shall provide that the returns of said election from polling places wholly outside the corporate limits of any municipality and the returns from polling places within the remaining portion of the territory shall be separately canvassed."

Paragraph 6 of section 3 provides that if a majority of the votes cast upon the proposition are in favor thereof the inhabitants of the territory shall be deemed to have accepted the provisions of the act and the area shall be deemed an organized hospital authority. A proviso is then added "that if said territory shall include any land outside the corporate limits of any municipiality and the county judge pursuant to a petition requesting a separate vote has ordered that the votes in said territory outside the corporate limits of any municipality shall be separately canvassed as provided in paragraph 2 of this section, then the inhabitants of said territory shall not be deemed to have accepted the provisions of this Act and the Hospital Authority shall not be established unless a majority of the votes cast within the corporate limits of any municipality or municipalities and a majority of the votes cast in the territory outside the corporate limits of any municipality, respectively, shall each be in favor of the same."

On October 14, 1947, a petition was filed in the county court of Whiteside County, requesting that the territory described therein be incorporated as a hospital authority and that the court submit the question for a vote of the electors residing within the limits of the proposed authority. The petition was set for hearing on November 13, 1947. On that day, pursuant to leave of court, petitioners amended their petition by deleting therefrom a portion of the terri-

tory originally embraced within the proposed authority. On and prior to that day ten separate petitions were filed, requesting exclusion from the proposed hospital authority or requesting a separate canvass of votes. Each of those petitions related only to a single township, town, or village, or to parts of certain townships, and was subsequently stricken on motion of original petitioners. After November 13, 1947, during the period covered by successive continuances of the hearing, other petitions for a separate canvass of votes were filed, some of which related to all the territory outside the corporate limits of municipalities. Each of those petitions, however, contained less than 1000 signatures of registered legal voters residing in the area sought to be excluded. On December 19, 1947, the court entered an order, on motions previously filed by original petitioners, finding (1) that all petitions other than those of the original petitioners were not filed in apt time, (2) that none of them contained the required number of qualified signatures of registered voters within the area outside of the municipalities, and (3) that the above quoted portions of the act violate section 2 of article II and section 22 of article IV of the constitution of the State of Illinois and are void. The court proceeded to strike all petitions other than the original petition and the original petition as amended, and ordered that an election be held within the territory embraced in the proposed authority, at which the question of incorporation as a hospital authority should be submitted to the electors residing therein. Eleven of the electors signing petitions for exclusion of territory or for separate canvass of votes prosecute this appeal.

The appellees contend no right of appeal exists from the order in question. Several grounds are advanced in support of this contention. It is argued, first, the act is a statutory proceeding complete in itself, and contains no provision for an appeal from any order entered in proceedings thereunder. This position cannot be sustained.

The present appeal involves the validity of the statute itself. Under such circumstances it is not necessary that a method of review be specified. Section 11 of article VI of our constitution provides for review by this court where the validity of a statute is involved. *Punke* v. *Village of Elliott,* 364 Ill. 604, 607.

The appellees next maintain that the appeal should be dismissed on the grounds that all of the appellants did not join in one petition for separate canvass of votes, and some of them did not sign and file any petition for a separate canvass of votes in the entire area outside the municipalities. There is likewise no merit in this contention. The rule is that an appeal may be maintained by any person, whether or not a party to the record, who is injured by the order or will be benefited by a reversal, where such interest appears in the transcript of the record. (*People ex rel. Yonka* v. *Kennedy,* 367 Ill. 236.) The case cited was a *mandamus* suit to compel the county superintendent of schools to annex certain territory to the high school district. The notice of appeal alleged that the appellants, who were not made parties, owned land in the territory ordered to be annexed. It was held that they had the right to appeal. In the present case the petitions for separate canvass of votes recite that petitioners are registered legal voters residing within the territory outside the corporate limits of the municipalities. It is manifest that the appellants, who are included among such petitioners, are or may be injured or affected by the order appealed from and would be benefited by a reversal.

As a final ground for dismissing the appeal the appellees contend that the notice of appeal, served only upon the designated representatives of the original petitioners, is insufficient to bring the original petitioners before the court, and that it should have been served upon each of the original petitioners personally. Paragraph 1 of section 3 of the act provides in part that "The said petitioners in and

by said petition shall authorize and designate one or more persons to appear for and represent them on said petition, and in the proceedings thereon in said county court, with authority to amend, to move to dismiss or to withdraw said petition." Appellees claim that the wording of this provision restricts the representation to proceedings in the county court and that the representatives therefore have no authority to receive notice of appeal on behalf of the original petitioners. This is an unwarranted construction of the provision quoted. The notice of appeal is filed in the county court, and upon such filing the case proceeds in this court as a continuation of the one that was pending in the court below. The words "to appear for and represent them on said petition" are sufficiently broad to include all steps relating to the adjudication of the subject matter of such petition. The motion to dismiss must therefore be overruled and the appeal considered on its merits.

The first contention made by appellants is that the county court erred in declaring unconstitutional the quoted portions of the act. It is claimed that a reasonable basis exists for giving to voters residing outside the limits of municipalities a right to a separate canvass of votes and withholding the same right from voters residing within the remaining portion of the territory. It is said to be a reasonable basis that such class of voters does not have the same advantage of proximity to the hospital as do the voters residing within municipalities, particularly the municipality wherein the hospital is located. The general rule is well settled that a classification which is based on a rational difference of situation or condition existing in the persons who are the subject of such classification is not within the constitutional prohibition of special legislation. (*Greene* v. *Fish Furniture Co.* 272 Ill. 148, 152.) However, the class of persons in whose favor the legislation is enacted must be composed of individuals possessing in common some disability, attribute or qualification which

distinguishes such class from others not so favored. (*Jenson* v. *Wilcox Lumber Co.* 295 Ill. 294, 298.) And this disability, attribute or qualification must bear some reasonable relationship to the purpose or object of the act. In other words, the difference of situation or condition must be a rational one in order to justify the legislative classification. *People ex rel. Board of Education* v. *Read*, 344 Ill. 307, 405.

The object of the present act is obviously the establishment and maintenance of hospital facilities in areas within which the residents need and can reasonably utilize such facilities. The need of those persons residing outside municipalities for hospital accommodations is not less than that of persons residing within municipalities. Nor is the mere fact of residence outside the limits of municipalities a disability in the use of the hospital facilities. Rural voters residing near the corporate limits of the municipality wherein the hospital is located may in fact have greater access thereto, and derive greater benefits therefrom, than voters residing within other municipalities in the territory. It can readily be seen that the provision enabling the one class of voters to petition for separate canvass of votes and thus defeat the establishment of the authority unless a majority of both classes are in favor thereof has no basis in any relevant disability, attribute or qualification common to the former class of voters. It therefore follows that the classification contained in the quoted provisos is an arbitrary one without logical relation to the object or purpose of the act and is in contravention of section 22 of article IV of our constitution. *Forsythe* v. *Village of Cooksville*, 356 Ill. 289; *People* v. *Read*, 344 Ill. 397.

The appellants next contend that if the portions of the act relating to a separate canvass of votes are invalid the entire act must be held unconstitutional. This position is fortified by the fact the proviso requiring a separate can-

vass of votes upon the filing of the requisite petition is found in the paragraph relating to the requirements for the order calling an election, and that the provision declaring that in such case the hospital authority shall not be established except upon favorable vote of both classes of voters is found in paragraph 6 of section 3, which deals with the election itself. Clearly the act could not stand in the absence of those two paragraphs, which prescribe requirements for the establishment of organized hospital authorities. The question, therefore, is whether the invalidity of the provisos renders invalid the remaining portions of the paragraphs in which they appear.

It frequently happens that part of a statute is in violation of the constitution while other provisions thereof, standing by themselves, are constitutional. Void and valid parts of an act may be found in the same section or in different sections. Where the two are not so connected in subject matter and so dependent upon each other that the legislature would not be presumed to have passed the one without the other, the valid portions may be allowed to stand and be in force. (*People* v. *Kennedy*, 367 Ill. 236.) However, where the court cannot say the legislature would have passed the act with the void portion eliminated, then the entire act must be held unconstitutional. *Springfield Gas and Electric Co.* v. *City of Springfield*, 292 Ill. 236, 244.

If there is no provision for a separate canvass of votes, and if a hospital authority can be established even though a majority of one class of voters is opposed thereto, will the resulting law be one which the legislature would not have passed in the first instance? The proviso to paragraph 6 of section 3 states in unequivocal language that in case a separate canvass of votes is ordered "the inhabitants of said territory shall not be deemed to have accepted the provisions of this Act and the Hospital Authority shall

not be established unless a majority of the votes cast within. the corporate limits of any municipality or municipalities and a majority of the votes cast in the territory outside the corporate limits of any municipality, respectively, shall each be in favor of the same." And the provisions by which the legislature attempted to confer the privilege in question are not segregated in a separate section or paragraph but form an integral part of the section relating to the organization of the authorities. The act was obviously passed in furtherance of a plan. That plan did not contemplate the establishment of a hospital authority without the consent of a majority of voters outside the municipalities. Its purpose was to permit the organization of hospital authorities only where a majority of voters outside municipalities were not opposed thereto. The provisos and the remaining portions of the paragraphs in which they appear are thus mutually dependent upon each other. In such cases it must be assumed that the legislature intended them as a whole. *People ex rel. Aitken* v. *Robertson,* 376 Ill. 609.

We cannot say, therefore, that the legislature would have passed the act with the invalid provisions omitted, unless the saving clause discloses such an intention. That clause appears as section 18 of the act and reads as follows: "If any provision of this Act, or the application of any provision thereof to any property, person or circumstance, is held to be invalid, such provision as to such property, person or circumstance shall be deemed to be excised from this Act, and the invalidity thereof as to such property, person or circumstance shall not affect any of the other provisions of this Act of [*sic*] the application of such provision to property, persons, or circumstances other than those as to which it is invalid, and this Act shall be applied and shall be effective in every situation so far as its constitutionality extends." It will be observed the provisos

in question are not invalid merely as to certain property, persons or circumstance; they are void whatever their application. The wording of the saving clause discloses the legislature contemplated the possibility of a provision being invalid only as to certain property, persons or circumstances, and being valid as applied to other property, persons or circumstances. Such is not the present case.

The general declaration that the act "shall be effective in every situation so far as its constitutionality extends" was not intended to nullify any rule of statutory construction, and must be applied in conformity with the rules of constitutional law. (*Springfield Gas and Electric Co.* v. *Springfield,* 292 Ill. 236, 243-244.) To strike out the provisions relating to a separate canvass of votes and the prescribed requirement for organization of the authority in such case, and then to sustain the remaining portions of the act, would in effect be changing the method prescribed by the legislature for the creation of these corporations. Such amendments are for the legislature to make, and are beyond the power of this court. The appellants are therefore correct in their contention that the invalidity of the provisos in question renders the entire act void.

In view of our conclusion that the act is unconstitutional, it becomes unnecessary to consider the remaining assignments of error.

The order of the county court is reversed and the cause remanded with directions to dismiss the petition for incorporation of said territory as a hospital authority.

*Reversed and remanded, with directions.*

Mr. JUSTICE SIMPSON took no part in the consideration or decision of this case.