Calvin G. Frank, as Trustee Under Trust No. 1001, and
Harold G. Meyer, Plaintiffs-Appellees, v. State
Sanitary Water Board of Illinois; Roland R. Cross,
Sanitary Water Board Chairman; Glen D. Palmer,
and Others, Sanitary Water Board Members; and
C. W. Klassen, Sanitary Water Board Technical
Secretary, Appealing Defendants, and Village of
Lansing, a Municipal Corporation; John M. Van
Deraa, Village President; Connie Gullickson, Vil-
lage Clerk; and William Cerveny, and Others,
Village Trustees, Non-Appealing Defendants.

Gen. No. 48,398.

First District, Second Division.

October 25, 1961.

1

William G. Clark, Attorney General of the State of Illinois (William G. Wines, Raymond S. Sarnow, A. Zola Groves, and Theodore G. Maheras, Assistant Attorneys General, of counsel), for appellants.

William M. Freeman of Lansing, Illinois, for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiffs petitioned for a writ of mandamus to compel the Village of Lansing, its president, clerk and trustees (hereinafter called the Village) and the State Sanitary Water Board, its chairman, members and technical secretary (hereinafter called the Water Board) to permit the construction by plaintiffs of a combined sewer system to serve plaintiffs' property in the Village and the connection of that system with the existing combined system of the Village. By combined sewer system is meant one which disposes of both rain water and sewage. The Village filed its answer promptly. After the Water Board had filed its answer, plaintiffs moved for summary judgment, which was allowed against the Water Board. The judgment is based on the pleadings and an affidavit filed by plaintiff Meyer. No counter-affidavits appear in the record. From that judgment the Water Board appeals. We will state the facts as they appear from the pleadings and affidavit.

Plaintiff Frank as trustee is the owner of vacant real estate in the Village. Plaintiff Meyer is the beneficial owner thereof. In 1925 the Village passed an ordinance providing for construction of a connecting system of sanitary and storm sewers and creating a drainage district embracing the land in question. In due course a special assessment for $8697.10 was levied against the property and was paid. The system was constructed and has been and is now in use. Since the construction of the sewers and even to the present time, other persons, in number exceeding several hundred, have been permitted by the Village to use the sewer system. Plaintiffs now desire to improve their land which is so situated and surrounded by other improvements and obstacles, including the Kingery Expressway, that no other system of sewage disposal is feasible.

On September 2, 1958, plaintiff Meyer submitted a detailed plan for the proposed sewer to the Village

3

and requested the issuance of a permit to connect such system to the Village system. On September 6, 1958 the Village refused to issue the permit on the ground that since the sewer system drained into the Little Calumet River, permission of the Water Board was necessary. On October 7, 1958 plaintiff Meyer submitted detailed plans, drawings and specifications to the Water Board and requested a permit. The request was refused.

On January 23, 1959 the Village itself undertook to obtain a permit for plaintiffs and submitted the detailed plans, drawings and specifications to the Water Board and requested the issuance of a permit. On March 21, 1959 the technical secretary of the Water Board refused to issue the permit. On March 24, 1959 plaintiff Meyer requested the Water Board to grant him a hearing, which the technical secretary denied on March 25, 1959. On or about April 11, 1959 the Village requested the Water Board to grant a public hearing, which was allowed, and the hearing was commenced April 27, 1959 in Chicago, Illinois. Plaintiff Meyer appeared and requested permission to participate as an interested party. This request was denied by the technical secretary of the Water Board, who officiated as the hearing officer. The hearing was continued to May 21, 1959, and held in Springfield, Illinois, where plaintiff Meyer again appeared and requested permission to participate, which permission was again denied. On July 28, 1959 the Water Board denied the application of the Village for a permit. On August 4, 1959 plaintiff Meyer again requested the Village to issue a permit, and on the same day the Village refused, on the ground that such permit could only be issued by the Water Board. Plaintiffs then instituted this suit on August 27, 1959. The answer of the Village supports plaintiffs in their case against the Water Board.

4

The Water Board filed a motion to strike and dismiss the complaint, which motion was later amended and as amended was denied on January 11, 1960. It then filed an answer which was stricken on motion, and an amended answer was filed. The amended answer admits most of the essential facts before set forth, including the refusal of the permit and the filing of the plans, but says that it is "uncertain as to the precise plans, drawings and specifications asserted. . . ." It alleges that counsel for plaintiffs, while not permitted to intervene as interested parties, did in fact argue the case before the Water Board. It denies *in general terms* the allegation in the complaint that plaintiffs' land is so situated and so surrounded by other improvements and obstacles that no other feasible system can be constructed. It makes no suggestion of any other method. It denies that it has the power to grant plaintiffs a permit as requested.

On October 17, 1960 the court overruled a motion by the Water Board to dismiss plaintiffs' motion for summary judgment, allowed plaintiffs' motion and ordered a writ of mandamus to issue, providing for connection and construction of the sewer in accordance with plans and specifications filed with the Water Board October 7, 1958. On motion of the Water Board, the judgment order was amended to show that leave was granted to file a counter-affidavit in support of plaintiffs' motion and to find that there was no just reason to delay the appeal. No such counter-affidavit appears in the abstract and no point is made based on it.

The court on November 6, 1960 entered an order denying the Water Board's motion to vacate the judgment order of October 17, 1960, but allowing its alternative motion to amend the judgment order by a further finding "that there are no just reasons for delaying the enforcement or appeal of this judgment

5

order." It also appears that the Water Board filed an answer on February 4, 1960 which consisted of a transcript of the record of the hearings before it. This answer was stricken on June 20, 1960. Although it is contained in the record, it is not abstracted and no point has been made thereon in this appeal.

Three points *only* are presented by the Water Board in its brief. The first seeks to substantiate its position that the order is final and appealable. This was evidently in anticipation of plaintiffs taking a position to the contrary. Plaintiffs, however, agree that the order is appealable and hence there is no need to consider that point.

The second point, and, indeed, the only point which appears to be seriously argued by the Water Board, is that plaintiffs should have appealed directly from the order of the Water Board pursuant to the Administrative Review Act, instead of seeking relief by mandamus. Before proceeding to a consideration of this point, it is desirable to make clear the rights of substance which plaintiffs have. Owners of land against which a special assessment has been levied and paid for cannot arbitrarily be denied a use of the improvement at least equal to the use thereof made by other property owners. Even changed circumstances do not deprive property owners of that right. The only restriction on the right is that the owner shall comply with any reasonable regulation imposed on such use by the municipality. In LaSalle Nat. Bank v. Village of Riverdale, 16 Ill2d 151, 158, 157 NE2d 7, 12, the court had before it a situation analogous to the instant case, except that plans and specifications had not been filed. For that reason only, which does not apply here, the court considered the issuance of the permit premature.

The Water Board Act provides that it "shall not affect any act done, ratified or confirmed, or any right

accrued or established . . . before this Act or any amendments thereto takes effect; . . ." (Ill Rev Stats c 19, § 145.15, 1951.) The rights of the owners of the land in question to connect with the Village's system accrued before the act or amendment and are therefore within this exception.

The Administrative Review Act (Ill Rev Stats c 110, §§ 264–279, 1959) provides that unless review of an administrative decision is sought in the manner provided by the act, the *parties* to the proceeding before the agency shall be barred from obtaining judicial review (§ 265). The act further provides that in any action to review a final decision of an administrative agency, the agency and all persons other than the plaintiff, *who were parties of record* to the proceeding before the administrative agency shall be made defendants (§ 271). Section 264 defines administrative decision as any decision, order or determination which affects the legal rights, duties or privileges of the *parties*. It thus appears that the right of administrative review is limited to the parties to the administrative proceeding. Stirniman v. County Board of School Trustees, 26 Ill App2d 245, 167 NE2d 829; Winston v. Zoning Board of Appeals, 407 Ill 588, 95 NE2d 864.

From the admitted facts in this case, it is clear that from the start the Water Board took the position that plaintiffs were not proper parties to the proceedings for issuance of a permit. It denied their initial request, evidently on the ground that the Village should act first. The Village felt that it could not grant approval until the Water Board had given permission. Then, when to solve the deadlock the Village itself sought permission, the Water Board denied plaintiffs the right to intervene in the proceeding as interested parties, thus at least casting grave doubt on the validity of an administrative appeal by plaintiffs. It put

7

them in the position of having to make a procedural choice. There can be little doubt that if plaintiffs had appealed from the administrative order, the Water Board would have contended that not being parties to the administrative proceeding, they had no right to appeal therefrom. This is playing fast and loose with litigants who have a serious issue to resolve.

██ ██ While estoppel is not generally enforced against public agencies, there are circumstances under which they may be estopped from taking a position which, due to their own action, is unjust. Webster v. Toulon School District, 313 Ill 541, 145 NE 118; People v. Maxon, 139 Ill 306, 28 NE 1074; Martel v. City of East St. Louis, 94 Ill 67; Chicago, R. I. & P. R. Co. v. City of Joliet, 79 Ill 25; Town of Princeton v. Templeton, 71 Ill 68; Metropolitan Sanitary Dist. v. City of Palos Heights, 30 Ill App2d 336, 174 NE2d 574; 21 CJ 1190. It is our opinion that the doctrine of estoppel may be properly applied in the instant case.

The Water Board cites in support of its position the cases of People ex rel. United Motor Coach Co. v. Carpentier, 17 Ill2d 303, 306, 161 NE2d 97, 98; Pre-Fab Transit Co. v. Carpentier, 17 Ill2d 515, 162 NE2d 378; Pearce Hospital v. Public Aid Com., 15 Ill2d 301, 154 NE2d 691; Deutsch v. Department of Ins., 397 Ill 218, 73 NE2d 304. In none of those cases did the administrative agency deny the plaintiffs the right to participate formally as interested parties. They sought mandamus on their own initiative and were not induced to resort to it by action of the administrative agency denying them leave to appear as a party. Under these circumstances it is our conclusion that plaintiffs in the instant case properly resorted to mandamus.

██ The third point made by the Water Board is that it was not authorized by the Act to approve plans for connection and construction of the sewer system

8

until they had been approved by the Village. The Village, on the other hand, took the position that it could not grant permission without the approval of the Water Board. Thus we have plaintiffs caught between these two public agencies. The Water Board did not make this point to the trial court and it cannot be raised for the first time on appeal. Schmelzle v. Transportation Inv. Corp., 341 Ill App 639, 94 NE 2d 682.

Assuming, however, that a court, being reluctant to issue a writ of mandamus against an administrative agency, might under circumstances overlook the failure to raise the point in the trial court, plaintiffs have presented a decisive answer. The applicant for the permit was the Village itself, which twice requested permission on the basis of plans submitted by plaintiffs. This was ample assurance to the Water Board that it was not dealing with an academic issue and that the Village would allow the construction and connection as planned if the Water Board granted permission. The Water Board Act contains no requirement that permission of the municipality be first obtained. If the Water Board had any such concern, it could have included a suitable saving clause in an order granting permission.

The judgment of the trial court is affirmed.

Judgment affirmed.

McCORMICK, P. J. and DEMPSEY, J., concur.