(No. 40194.—

BUD BROWN, Appellant, *vs.* AIR POLLUTION CONTROL BOARD, STATE OF ILLINOIS, Appellee.

*Opinion filed June 22, 1967.*

DURR & DURR, of Edwardsville, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL and JOHN J. O'TOOLE, Assistants Attorneys General, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The Air Pollution Control Board of the State of Illinois, the appellee, and hereafter called the Board, issued a cease and desist order against the appellant, Bud Brown. The circuit court of Madison County affirmed the Board's order, and the appellant has proceeded directly to this court contending *inter alia* that the Board's proceedings and order

denied him due process of law and present a constitutional question for this court.

Bud Brown owns and operates a refuse dump near East St. Louis, Illinois, and allegedly does open burning, that is, burns materials so that the products of the combustion are emitted directly into surface air and are not conducted through a stack or chimney. On April 2, 1965, the Board served written notice on Brown that a complaint had been filed against him charging that he was operating a refuse dump in a manner which caused air pollution in violation of section 3 of the Illinois Air Pollution Control Act. (Ill. Rev. Stat. 1963, chap. 111½, par. 240.3.) Brown was ordered to appear and answer the charges of the complaint at a hearing to be held May 5, 1965, in East St. Louis.

According to an affidavit of appellant's attorney which was attached to his complaint for administrative review, the attorney on April 28, 1965, wrote to the Board advising that he represented the appellant and that he would be on trial in St. Louis on May 5 and possibly for some time thereafter. The attorney stated that he was the only attorney in his firm with knowledge of the appellant's matter and he asked to be notified if the Board refused to continue the hearing. He also requested a copy of the appellee's "rules, regulations and procedures." A copy of the letter was also attached to the complaint. The affidavit also set forth that he attempted to communicate with the Board by telephone at Springfield but could not, as the Board did not have a listed phone. In a second affidavit, that of the attorney's only associate, his son, it was stated that on the morning set for the hearing, May 5, 1965, the associate spoke by phone with one of the members of the Board and advised that his father was handling the appellant's matter and that his father was engaged in trial in St. Louis. A letter confirming the phone conversation was forwarded to the Board.

It appears that the appellant's attorney never received a response to his letter of April 28, 1965, requesting a con-

tinuance and asking to be notified if the Board would not continue the matter.

The Board conducted the hearing on May 5, 1965, as scheduled, and heard testimony from twelve witnesses against the appellant. The appellant was not present at the hearing nor, as stated, was his counsel. On June 4, 1965, the Board entered an order which directed the appellant "to cease and desist on or before June 15, 1965, the discharge of air contaminants into the atmosphere of the State through the practice of open burning at the Midway Dump, and, if this Order is violated, that the Attorney General is hereby requested and authorized to bring an action for a penalty and an injunction in the name of the people of the State of Illinois against Mr. Brown * * * for failure to comply with this Air Pollution Control Board Order in violation of the provisions of the Illinois Air Pollution Control Act."

The finding of the appellee stated that the appellant did not appear at the public hearing on May 5, 1965, and stated that he was not represented at such hearing. No reference was made in the findings to the attorney's letter of April 28, 1965, requesting a continuance and requesting notification should the motion be denied, and no mention appears of his associate's phone conversation with a member of the Board on the morning of the hearing. However, the letter of May 5, 1965, by the lawyer's associate to the Board does appear in the administrative record as an exhibit.

The appellee does not deny receiving the attorney's letter nor does it deny the telephone conversation between the attorney's associate and a member of the Board.

The controlling questions which present themselves are whether the appellant had a right to counsel in the proceeding before the Board and whether, under the highly unusual circumstances of this case, the Board acted within the boundaries of sound discretion in proceeding to hearing without the appellant or his counsel being present.

The Illinois Air Pollution Act, section 9(c), provides: "The respondent to  *  *  *  a formal complaint may appear at [the] hearing in person or by representative, with or without counsel, and may make oral argument, offer testimony or cross-examine witnesses in support of the complaint, or take any combination of such actions." (Ill. Rev. Stat. 1963, chap. 111½, par. 240.9(c).) Even if the statute did not provide a right to counsel, in a proceeding such as here, which could affect one's property rights, the right to counsel would be undeniable. Administrative as well as judicial proceedings are governed by the fundamental principles and requirements of due process of law. (*People v. Scott,* 326 Ill. 327; *Italia America Shipping Corp.* v. *Nelson,* 323 Ill. 427.)

The United States Court of Appeals for the Seventh Circuit in *Yiannopoulos* v. *Robinson,* (7th cir.) 247 F.2d 655, 657, after stating that in a deportation proceeding an alien is entitled to the guarantees of a fair hearing, declared: "Among the guarantees without which there would be an absence of procedural due process are reasonable notice, the right to examine witnesses, to testify, to present witnesses, and to be represented by counsel." In *Reynolds* v. *Cochran,* 365 U.S. 525, 5 L. Ed. 2d 754, the Supreme Court quoted from its holding in *Powell* v. *Alabama,* 287 U.S. 45, 69, 77 L. Ed. 158, 170, with approval, stating: "If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense."

A court or administrative body possesses a broad discretion whether to allow or deny a motion for continuance, but it is a discretion which must be exercised judiciously, and not arbitrarily. A continuance should not be denied where clearly it is required by the ends of justice, and a

refusal to grant it is an abuse of discretion warranting reversal. *Leathers* v. *Leathers,* 13 Ill.2d 348, 352.

The Board did not soundly exercise its discretion under the circumstances. It appears as if the attorney's letter requesting a continuance and asking to be advised should a continuance be denied was ignored or, without indicated fault on the part of the attorney, was not brought to the Board's attention. However, the attorney's associate on the morning of the hearing told a member of the Board of the lawyer's trial engagement in St. Louis. There is no showing of a reason for the request of a continuance having been denied nor a showing that the request was even considered. We have held that "Due process of law presupposes a fair and impartial hearing * * *." (*Smith* v. *Department of Registration and Education,* 412 Ill. 332, 341.) What must be characterized on the record before us as the arbitrary action of the Board in proceeding to hearing, served to deprive the appellant of his right to a full, fair hearing, including his rights to "make oral argument, offer testimony or cross-examine witnesses in support of the complaint, or take any combination of such actions" specifically assured by section 9(c) of the Illinois Air Pollution Act. Ill. Rev. Stat. 1963, chap. 111½, par. 240.9(c).

The appellee contends that we should not entertain the argument of Brown that he was denied due process through the Board's failure to grant a continuance. In this the Board states that the appellant cannot raise issues which are not based on the record made at the hearing before the appellee, apparently relying on section 11 of the Administrative Review Act.

Final orders of the Board are made subject to judicial review under the Administrative Review Act by section 13 of the Illinois Air Pollution Control Act. (Ill. Rev. Stat. 1963, chap. 111½, par. 240.13.) The scope of review of a final administrative decision is considered in section 11 of

the Administrative Review Act, which states in part: "The hearing and determination shall extend to all questions of law and of fact presented by the entire record before the court. No new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court." (Ill. Rev. Stat. 1963, chap. 110, par. 274.) Apparently, the appellee regards the affidavits of the attorney and his associate as "new" or "additional" evidence and therefore not to be considered. The appellee overlooks that the letter of the attorney's associate confirming the phone conversation and pleading the trial engagement of his father was a part of the administrative record and cognizable as a part of the entire record before the court. Even without the presence of such letter in the administrative record, we would deem that the Board is arguing for an unreasonably restrictive and unrealistic interpretation of section 11. In a typical case of judicial review the findings of the administrative agency are examined by the court to determine whether they are properly supported by evidence. But the case here is not typical. Here, the appellant is unconcerned with the evidence's sufficiency, but the validity of the hearing itself, at which neither the appellant nor his counsel were present, is challenged on the ground that the Board proceeded wrongfully to hearing and that this represented a denial of due process. Here, were appellee's argument to be adopted, this court would have to regard the appellant's attorney's undisputed letter of April 28, 1965 to the Board, pleading his trial engagement, as if it had never existed.

We reiterate that the circumstances surrounding what we have considered as a motion for a continuance to have been highly unusual. We do not mean to suggest by anything we have said here that an agency or court is bound to grant requests or motions, including those for continuances, at the risk of being judged to have abused its discretion, when attorneys or others merely communicate with such

agency or court and advise of engagements or other reasons which prevent appearances before the agency or court.

We deem that the circumstances here require the reversal of the judgment of the circuit court of Madison County and a remandment to that court, with directions to set aside the order of the Board and to direct the Board to grant the appellant a hearing in accordance with the views expressed herein.

*Reversed and remanded, with directions.*