LAKE COUNTY CONTRACTORS ASSOCIATION *et al.*, Petitioners-Appellants, *v.* ILLINOIS POLLUTION CONTROL BOARD *et al.*, Respondents-Appellees.

(Nos. 71-114, 71-115 cons.; 

Second District—July 31, 1972.

T. MORAN, J., dissenting.

Hall, Meyer, Fisher, Holmberg, Snook & May, and Collins, Stepanich & Collins, both of Waukegan, for appellants.

Murray R. Conzelman, of Waukegan, William J. Scott, Attorney General, Richard Kates, and Regina Ryan, all of Chicago, (David C. Landgraf, Richard W. Cosby, and Morton Friedman, Assistant Attorneys General, of counsel,) for appellees.

Mr. JUSTICE GUILD delivered the opinion of the Court:

This appeal arises from the same group of complaints and March 31, 1971, order of the Pollution Control Board of the State of Illinois (hereinafter referred to as "Board") as was involved in our No. 71-113, *North Shore Sanitary District v. Pollution Control Board* (1972), 5 Ill.App.3d 1050. This case is distinctive in that petitioners, Lake County Contractors Association and Lake County Home Builders Association (herein-

after referred to as "Associations"), were not parties to proceedings before the Board, and only Paragraph 7 of the Order is appealed from, namely:

"The District shall not permit any additions to present sewer connections, or new sewer connections to its facilities until the District can demonstrate to the Board that it can adequately treat the wastes from those new sources so as not to violate the Environmental Protection Act, or the rules and regulations promulgated thereunder."

The Board was created by the Environmental Control Act effective July 1, 1970, Ill. Rev. Stat. 1971, ch. 111½, par. 1001 *et seq.* (hereinafter referred to as the "Act"), and under Section 1041 of that Act review is afforded directly to this Court from final orders of the Board, pursuant to the provisions of the Administrative Review Act.

The League of Women Voters filed a complaint with the Board alleging that the North Shore Sanitary District (hereinafter referred to as "District") was discharging effluent from its treatment plants and sewage systems degrading the waters of Lake Michigan in specified ways below stated permissible standards and asked for an order requiring the District to correct these particular violations and for "other appropriate relief."

Facktor, *et al.*, subsequently alleged the existence of odors and contaminants in the vicinity of their homes and sought an order of the Board directing the District to cease and desist operation of an existing sewerage treatment plant in a manner violative of the Act and prohibiting construction of an additional secondary treatment plant in Highland Park. The Board not only ruled against Facktor, *et al.*, but ordered this group of complainants to cease and desist from all further actions against the District regarding expansion, bond issues, and particularly the siting of the Clavey Road Plant.

The third complainant was the Illinois Environmental Protection Agency (hereinafter referred to as "Agency"). The Agency obtained leave to intervene before the Board and complained that the District discharged improperly treated effluent into Lake Michigan from certain of its plants and operated the Clavey Road waste treatment plant so as to emit obnoxious odors. All complaints were consolidated for hearing before the Board.

While this review was pending in this court, the Agency moved to dismiss the Association's complaint filed in this court which seeks judicial review of the order of the Board on the ground that its order was not final to the Associations, or in the alternative, that the Associations had not exhausted their administrative remedies, as a variance procedure

may be instituted for individual parcels of land. This motion was ordered taken with the case. The Agency argues additionally in its brief that the Associations do not have standing to raise constitutional objections of landowners to the sewer ban.

Serious questions are raised in this appeal, such as alleged violation of the guarantees of equal protection and due process of law as well as claims the Board did not consider certain facts and circumstances which the General Assembly directed it to consider in making its orders and that certain statements contained in the Board's order were without foundation in the evidence.

■■ Administrative as well as judicial proceedings are governed by the fundamental principles and requirements of due process of law. (*Brown v. Air Pollution Control Control Board* (1967), 37 Ill.2d 450, 454, 227 N.E.2d 754.) The order is obviously broad and restrictive of the rights of many persons who did not participate in the hearings before the Board. The restrictions imposed by the order have no blanket immunity from challenge in the courts, but the narrow question here is whether the Associations can obtain judicial review pursuant to the Administrative Review Act. We are constrained to hold they cannot and accordingly dismiss their complaints. In so doing, we do not approve, but rather specifically reject, the rationale of the Agency.

■■ The order of the Board recites that it is "final" and indeed it terminated proceedings on the three consolidated complaints before the Board. Judicial review of a final, comprehensive administrative order cannot and should not be avoided or defeated by imposing an additional requirement to seek and be denied individual variances. We cannot agree, moreover, that constitutional objections can be raised only by landowners.

■■ The basis of our holding is that the Associations were not parties to the proceeding before the Board, they did not appear before the Board, and consequently their interest and aggrievement in the matter does not appear in the record of those proceedings. Although a voluminous transcript of proceedings has been filed, no abstract of the record has been made as the Associations state that non-evidence cannot be abstracted. The Supreme Court has held that the right to review a final administrative decision is limited to those parties of record in the proceeding before the administrative agency whose rights, privileges, or duties are affected by the decision. (*222 E. Chestnut St. Corp. v. Board of Appeals* (1956), 10 Ill.2d 132, 135, 139 N.E.2d 218; *Winston v. Zoning Board of Appeals* (1951), 407 Ill. 588, 95 N.E.2d 864 at 868.) In upholding the issuance of a writ of *mandamus* to persons who had been denied

the right to participate in the administrative proceeding, the court said in *Frank v. State Sanitary Water Board* (1961), 33 Ill.App.2d 1 at 7, 178 N.E.2d 415:

> "It * * * appears that the right of administrative review is limited to the parties to the administrative proceeding."

The Administrative Review Act governs judicial review when its provisions, as here, are expressly adopted by the statute creating the agency, and only parties to the proceeding are barred from obtaining judicial review of an administrative decision if they do not pursue their remedy within the time and in the manner provided. (Ill. Rev. Stat. 1971, ch. 110, sec. 265.) As the Associations were not parties to the proceeding before the Board, it would therefore follow that the Associations are free to pursue any remedy they may desire other than judicial review pursuant to the Administrative Review Act.

■■ The Associations' interest sufficiently appears in its complaint filed in this Court, as it is alleged they are not-for-profit corporations engaged in the construction industry in Lake County; that review is sought on behalf of the Associations and in a representative capacity for members, their employees and others; that on March 31, 1971, members were engaged in construction of residential, commercial and public buildings involving millions of dollars for which building permits had been duly issued by lawful authorities and that work stoppage would result in unemployment and financial hardship. None of these factual allegations, however, are contained in any manner or form in the record of proceedings before the Board, and the Administrative Review Act in defining its scope of review explicitly states that no new or additional evidence in support of or in opposition to any order of the administrative agency shall be heard by the court. (Ill. Rev. Stat. 1971, ch. 110, sec. 274.) *Brown v. Air Pollution Control Board, supra,* in 37 Ill.2d at 456 indicated that this provision is not to be given an unreasonably restrictive and unrealistic interpretation; however, the interest of, and adverse effect upon, the Associations is totally outside the record made before the Board and is therefore not before this court for review.

The Environmental Protection Act defines "person" to include corporations and associations, but does not define "party." (Ill. Rev. Stat. 1971, ch. 111½, sec. 1003 (i).) It also provides a right to obtain judicial review pursuant to the Administrative Review Act for "Any party to a Board hearing, any person who filed a complaint on which hearing was denied, any person who has been denied a variance or permit * * * *and any party adversely affected by a final order of the Board.*" (Emphasis supplied) Ill. Rev. Stat. 1971, ch. 111½, sec. 1041.

The Environmental Protection Act apparently intended to extend the right of judicial review to an additional class of parties who are not parties to a Board hearing. "Party" is not defined in the Act, however, nor is any method provided for including in the record to be reviewed the interest of one not appearing at some stage in the proceedings before the Board. Such a broad interpretation of the phrase "any party adversely affected by a final order of the Board" must be declined because we believe it conflicts with existing provisions and interpretations of the Administrative Review Act.

■■ Supreme Court Rule 335 (Ill. Rev. Stat. 1971, ch. 110A, sec. 335) was adopted effective after the date of the order complained of but we look to it for guidance. It provides procedure for statutory review of orders of an administrative agency to the Appellate Court, and the Environmental Protection Act was the first legislative utilization of constitutional authority to provide such review. (See Committee Comments.)

The conclusion we reach in this case is compatible with our reading of Rule 335, which provided at (a) that the petition for review shall specify the parties seeking review and shall designate the respondent and the order or part thereof to be reviewed. The form of the petition is set out in Rule 335; it does not suggest the supplying of factual allegations to establish the interest of petitioner. At (d), moreover, it is provided that the *entire record before the agency* shall be the record on review unless omissions from it are stipulated.

■■ While judgments of courts have been held appealable by persons not parties to the litigation in the trial court, and a notice of appeal is part of the record in such cases (*Nott v. Wolff* (1960), 18 Ill.2d 362, 163 N.E.2d 809; *Grennan v. Sheldon* (1948), 401 Ill. 351, 356, 82 N.E.2d 162; and *People v. Kennedy* (1937), 367 Ill. 236, 238, 10 N.E.2d 806), judicial review pursuant to the Administrative Review Act must be distinguished. Supreme Court Rule 335 at (h) (1) specifically excepts the applicability of Rule 321 * to this procedure, and specifically applies Section 11 **, among others, of the Administrative Review Act. (Ill. Rev. Stat. 1969, ch. 110, par. 274.) Where judicial review is provided pursuant to the Administrative Review Act, it is not contemplated that issues of

---

* Rule 321—Contents of Record on Appeal. The record on appeal shall consist of the judgment appealed from, the notice of appeal, and other parts of the trial court record designated in the praecipes.

** Section 11 of The Administrative Review Act—Scope of Review. The hearing and determination shall extend to all questions of law and of fact presented by the entire record before the court. No new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court.

fact shall be framed by complaint and answer, the Civil Practice Act is not applicable, and the review is upon the record of the administrative agency. (*Des Plaines Currency Exch., Inc. v. Knight* (1963), 29 Ill.2d 244, 194 N.E.2d 89, *cert.* den., 376 U.S. 969; *Jewell v. Carpentier* (1966), 22 Ill.2d 445, 176 N.E.2d 767.) Consequently, the appeal of the Associations must be dismissed.

The issues involved in this case are novel, urgent, and affect many citizens. It is therefore certified, pursuant to Constitution of Illinois, 1970, Article VI, sec. 4 (c), that this case involves a question of such importance that it should be further decided by the Supreme Court.

Complaint for administrative review dismissed.

ABRAHAMSON, J., concurs.

Mr. JUSTICE THOMAS J. MORAN dissenting:

The legislature has given the right of review to four separate classes of persons: Any party to a Board hearing, any person whose complaint has been denied, any person who has been denied a permit or variance, and any party adversely affected by a final order or determination of the Board. I believe that petitioners herein qualify under the last category.

Supreme Court Rule 335 governs the procedure to be followed in a review of the instant cases. The Rule expressly adopts Supreme Court Rule 301 (Supreme Court Rule 335 (h) (1) which supplanted former sections 74, 76 (2), and 80 of the Civil Practice Act. Rule 301 provides in part "* * * All rights that could have been asserted by appeal or writ of error may be asserted by appeal * * *". The committee comments thereto state that the quoted portion "is intended to incorporate and restate the provisions of the last two sentences of Secion 74 (1)." The last two sentences of former Section 74 (1) (Ill. Rev. Stat. 1963, ch. 110, sec. 74 (1) ) had provided "* * * The right heretofore possessed by any person not a party to the record to review a judgment or decree by writ of error is preserved by notice of appeal."

Cases interpreting the verbiage contained in Section 74 (1) have held that a person, not a party to the record, is entitled to appeal a judgment if he has been injured by such judgment or would be benefited by its reversal. In the prosecution of such appeal, his interest in the proceedings must appear in the record *or* be alleged in the points relied upon for reversal. A notice of appeal is a part of the record. *People v. Kennedy* (1937), 367 Ill. 236, 238. Also see, *Grennan v. Sheldon* (1948), 401 Ill. 351, 356, *Nott v. Wolff* (1960), 18 Ill.2d 362, 366 and *Vece v. DeBiase* (1964), 31 Ill.2d 542, 544-545.

The petitions for review, which act as notice of appeals in the instant cases, allege that the petitioners were injured by the Board's order and that they will be benefited by its reversal.

Contrary to the majority view, I conclude that the phrase, "Any party adversely affected by a final order of the Board" includes the petitioners herein, that their petitions show sufficient interest as do their points relied upon for reversal. I would not dismiss the complaints, but dispose of them upon their merits.

I, therefore, dissent.

Subsequent to submission of the above dissent but prior to its filing, the majority opinion was revised by adding the four paragraphs preceding the last paragraph.

The majority admits that the Act is "apparently intended to extend the right of judicial review to an additional class of parties who are not parties to the Board hearing" but reasons that the legislature did not mean what it said "because we believe it conflicts with existing provisions and interpretations of the Administrative Review Act." Under this type of rationale we could also decide that a direct appeal to this Court, as provided by the Act, is not permissible "because * * * it conflicts with existing provisions and interpretations of the Administrative Review Act." See, Ill. Rev. Stat. 1969, ch. 110, sec. 268 where it is provided that review of final administrative decisions is vested in the Circuit Courts.

The Environmental Protection Act is a new approach toward solving one of society's many problems. Some of the procedures are new, e.g., direct appeal to this Court from the Board's action; however, protection of the basic rights of individuals has not changed. The legislature was cognizant of this fact when it added the last category to include the petitioners herein; otherwise there would be no necessity for its inclusion.

I, therefore, adhere to my dissent.