## CHOCTAW COTTON OIL CO. et al. v. CORPORATION COMMISSION.

No. 17337—Opinion Filed June 1, 1926.

Rehearing Denied June 22, 1926.

(Syllabus.)

**Constitutional Law—Validity of Statute Providing for Licensing Co-operative Cotton Gins.**

The proviso in section 3714, C. S. 1921, as amended by chapter 109, S. L. 1925, to wit: "That on the presentation of a petition for the establishment of a gin to be run co-operatively, signed by one hundred (100) citizens and taxpayers of the community where the gin is to be located, the Corporation Commission shall issue a license for said gin, * * *" does not constitute taking property without due process of law in violation of section 7, art. 2 (Bill of Rights), Constitution of Oklahoma, nor of the Fourteenth Amendment to the Constitution of the United States, nor does such proviso constitute denial of equal protection under the law in violation of either the state or federal Constitution.

Original Action for Writ of Prohibition.

Application of Choctaw Cotton Oil Company et al. for a writ prohibiting the Corporation Commission from issuing a license to the Farmer's Co-operative Gin Company, to construct and operate a cotton gin at Kinta, Okla. Writ denied.

Lydick & McPherren and Rainey, Flynn, Green & Anderson, for complainants.

E. S. Ratliff, for respondents.

HARRISON, J. This is an original proceeding in this court for a writ prohibiting

the Corporation Commission from granting to the Farmer's Co-operative Gin Company a license to construct and operate a cotton gin at Kinta, Okla. The grounds for the writ are, in substance: That petitioner, Choctaw Cotton Oil Company, is a corporation under the laws of the state, and in compliance with the statutes has procured a license to operate a cotton gin at Kinta, Okla., and that the Brown Cotton Company, a like corporation, has likewise procured a license to operate a cotton gin at Kinta, Okla.; that pursuant to such licenses, both of said cotton gin corporations have constructed cotton gins at Kinta, Okla.; that to license the construction of another gin would be to deprive petitioners of their property without due process of law, and deny them equal protection under the law, in violation of section 7, art. 2, of the Constitution of Oklahoma, and of the Fourteenth Amendment to the Constitution of the United States; that the Corporation Commiss'on, assuming to act under authority of chapter 109, S. L. 1925, will, unless prohibited from so doing by the court, issue to said Farmer's Co-operative Gin Company a license to construct and operate a cotton gin at Kinta, Okla.

The legal basis for the foregoing allegation of facts is that the proviso in said chapter 109, S. L. 1925, to wit:

"Provided, that on the presentation of a petition for the establishment of a gin to be run co-operatively, signed by one hundred citizens and taxpayers of the community where the gin is to be located, the Corporation Commission shall issue a license for said gin * * *"

—is unconstitutional and invalid, in that it authorizes the Corporation Commission to deny petitioners equal protection under the law and to take their property without due process of law. Said proviso is part of section 3714, C. S. 1921, as amended by chapter 109, S. L. 1925, which requires applicants for license to construct a cotton gin to make satisfactory proof of the necessity for such gin.

The contention being that the foregoing proviso denies petitioners equal protection under the law and takes their property without due process of law, the question necessarily arises, What property rights are taken from petitioners by licensing another gin, under the foregoing proviso? What rights of any kind could the licensing of another gin affect? It does not disturb the property of petitioners, nor prevent the free operation

of their gins. The only right which could be affected by such license is the right of petitioners to operate their gin without competition, a right which is not secured to them either by the state or federal Constitution, hence the contention as to taking their property without due process of law cannot be sustained.

Neither can the contention as to their being denied equal protection under the law be sustained. If the Legislature had authority, under the doctrine of "police power," to pass a law making cotton gins a public utility and to prescribe the conditions by which a license to operate such utility must be procured, and we are not passing upon the question whether or not the Legislature had such authority, because that question is not in this case, but if it does have such authority, then it has authority, under the doctrine of "Classification," to divide operators of cotton gins into different classes and prescribe the method by which each class may obtain a license to operate. We cannot say that greater burden is placed upon petitioners by the manner in which they are required by statute to procure a license than is placed upon co-operative gins by the manner in which they may procure a license. In fact the manner in which petitioners and all persons within their class are required to obtain a license appeals to us as the easier of the two methods. Under the procedure required of petitioners and of persons of their class, three persons may form a corporation and, upon making satisfactory proof as to the necessity therefor, obtain a license to construct and operate a gin, while under the proviso 100 citizens and taxpayers of the community where the gin is to be located must sign the application. Requiring this number of resident taxpayers to sign an application, in effect, takes the place of offering oral proof as to the necessity of another gin.

We see no unfair nor unjust discrimination against petitioners in the two methods, and must hold that the method required of persons desirous of constructing a co-operative gin does not tend to deny petitioners of "equal protection under the law."

For these reasons, the writ is denied.

NICHOLSON, C. J., and BRANSON, LESTER, HUNT, and CLARK, JJ., concur. MASON, J., dissents. PHELPS and RILEY, JJ., not participating.

Note.—See 12 C. J. p. 1137 §860; p. 1158 §895; p. 1215 §991.