Commonwealth of Pennsylvania, Insurance Department *v.* Colonial Gardens Nursing Home, Appellant.

Argued September 9, 1975, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Lawrence S. Rosenwald,* with him *Charleston & Fenerty,* for appellant.

*Andrew F. Giffin,* Assistant Attorney General, with him *Gerald Gornish,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, November 21, 1975:

This is an appeal by Colonial Gardens Nursing Home from an order of the Insurance Commissioner, dated December 30, 1974, which dismissed Colonial's appeal and concluded that the Pennsylvania Compensation Rating Bureau (PCRB)[1] had properly reclassified Colonial for the purpose of determining Colonial's workmen's compensation insurance risk. We view the sole issue in this appeal as involving the jurisdiction of the Commissioner and dismiss Colonial's appeal.

Pursuant to Section 654 of The Insurance Company Law of 1921, Act of May 17, 1921, P.L. 682, *as amended,*

---

1. From the record it appears that PCRB is a nongovernmental insurance industry group, consisting of representatives of various insurance companies. Colonial has not challenged the *authority* of PCRB, but rather only its assignment to a particular classification. Throughout its brief Colonial makes the *assumption* that PCRB is a governmental entity which must afford Colonial due process of law. This assumption was not challenged nor was it raised as an issue, and we do not pass upon it. c.f. *Hetherington v. McHale,* —— Pa. ——, 329 A.2d 250 (1974).

40 P.S. §814, PCRB had the task of determining a system of risk classifications to be used in the computation of workmen's compensation insurance premium rates paid by employers, such as Colonial. The distinctions between the various classifications are based upon the type of work performed. For many years Colonial had been classified by PCRB as a "Hospital, Physicians and Dentists—Class 961." After an investigation by a member of the PCRB staff, Colonial's· classification was changed to "Orphanages and Old Age Homes—Class 974." The effect of this change was a trebling of Colonial's workmen's compensation insurance premium rates. Colonial objected to the reclassification and appeared before a PCRB panel, which sustained the reclassification. Colonial subsequently appealed to the Commissioner who conducted a *de novo* hearing and concluded that the PCRB's action was "proper."

Section 654 of the Insurance Law, 40 P.S. §814 reads, in pertinent part:

> *"The classification of risks, underwriting rules, premium rates, and schedule or merit rating plans for insurance of employers and employes under 'The Workmen's Compensation Act'* . . . shall be proposed annually by one or more rating bureaus, said rating bureau or bureaus to be situate within the Commonwealth of Pennsylvania, subject to supervision and to examination by the Insurance Commissioner and approved by the Insurance Commissioner as adequately equipped to compile rates on an equitable and impartial basis. *Such schedule or merit rating plans shall be applied only by the approved rating bureau or bureaus,* and, *in the preparation of schedules,* no employer shall be discriminated against or penalized because of physical impairment of any employe or because of the number of dependents of any employe.
>
> *"The classification of risks, underwriting rules, premium rates and schedule or merit rating plans* for

insurance of employers and employes under such acts, shall be filed with, and *shall be subject to review by the Insurance Commissioner,* and the Insurance Commissioner shall by order modify, amend or approve the same. *Any person, corporate or otherwise, aggrieved by such order, classifiation, rule, rate or schedule issued by the Insurance Commissioner may obtain a review thereof before the Insurance Commissioner....*

"*No risk classification, underwriting rule, premium rate, or schedule or merit rating plan shall take effect without the consent of the Insurance Commissioner,* and he may withdraw his approval whenever, in his judgment, the same is inadequate or discriminates unfairly between risks of essentially the same hazard.

"*Neither the State Workmen's Insurance Fund, nor any insurance corporation,* mutual association, or company, *shall issue, renew, or carry any policy* or contract *of insurance against such liability* under such acts, *except in accordance with the classifications, underwriting rules, premium rates, and schedule or merit rating plans, proposed by the rating bureau or bureaus aforesaid for the risk insured and as modified, amended or approved by the Insurance Commissioner for such insurer.*" (Emphasis added.)

Our reading of this section leads us to conclude that this statute was intended only to regulate the formulation of a *system* of classifications and premium rates, the purpose of which is obviously to take into account the different casualty experiences of different types of employers. There is no provision which specifically requires that the Commissioner approve the assignment of an individual employer, such as Colonial, to any particular risk classification. Nor is there any provision which authorizes the review of such an assignment, once it is made. Accordingly, we conclude that the Commissioner was without

jurisdiction to review the action of PCRB and we must dismiss the appeal.

ORDER

AND NOW, this 21st day of November, 1975, the appeal of Colonial Gardens Nursing Home is dismissed.