FIRST NATIONAL BANK, Cleveland, Oklahoma, The Pawnee National Bank, and First National Bank in Hominy, Oklahoma, Appellants,

v.

OKLAHOMA SAVINGS AND LOAN BOARD, consisting of H. E. Leonard, Bank Commissioner of the State of Oklahoma and Chairman of Savings and Loan Board of the State of Oklahoma, Keith Smith, J. L. Stewart, James R. Harelson, and Thomas W. Brown, and Home Savings and Loan Association of Bartlesville, Oklahoma, Appellees.

No. 50624.

Supreme Court of Oklahoma.

Sept. 27, 1977.

Sandlin & Payne by R. Forney Sandlin, Muskogee, for appellants.

Doerner, Stuart, Saunders, Daniel & Langenkamp by Sam P. Daniel, Jr., Tulsa, for appellees.

HODGES, Chief Justice.

This is an appeal from the order of the district court affirming a decision of the Oklahoma Savings and Loan Board[1] (Board), appellee, which granted a charter application establishing a branch office in Cleveland, Oklahoma, for Home Savings and Loan Association of Bartlesville, Oklahoma. It is asserted on appeal that the Board erred when it failed to notify appellants, First National Bank, Cleveland, Oklahoma, The Pawnee National Bank, and The First National Bank in Hominy, Oklahoma, (Banks) of the hearing, and that it further erred when it refused to grant a continuance of the hearing in order to permit the banks to properly prepare their opposition to the granting of a charter.

The Home Savings and Loan Association of Bartlesville, Oklahoma, filed its application for a charter to open a branch office at Cleveland, Oklahoma, with the Board. The application was set for hearing, and notices were mailed to all savings and loan associations and branch offices within a radius of fifty miles of the proposed branch office as required by the Board rules of practice and procedure.[2] Notice of the hearing was published in the newspaper at Cleveland, Oklahoma, on September 30, 1976, and on October 7, 1976.

The date of the hearing, October 20, 1976, the appellants appeared represented by counsel and moved for a continuance in order to prepare their protest based on the assertion they had not received adequate or proper notice.

The record reflects the First National Bank, Cleveland, Oklahoma, wrote a letter to the Board September 22, 1976, and The Cleveland National Bank, who is not a party on appeal, wrote a letter on September 30, 1976, requesting permission to attend the hearing and notifying the Board of its opposition to the granting of the charter. The First National Bank, Cleveland, Oklahoma, requested and received a copy of the charter application from the Board on October 13, 1976. After reviewing the application, the bank notified the other appellants who had not received notice of the application.

Although the rules of practice and procedure of the Board provide for notice only to interested parties, i. e., savings and loan associations within a fifty mile radius of the proposed branch office site, provision is made for intervention and protest by persons other than interested parties.[3] The Board in its findings of fact, noted the receipt of the letters from the Banks. The Banks were afforded an opportunity to participate in the hearing, but declined to do so. Instead, a continuing motion and objec-

1. The appeal from the decision of the Savings and Loan Board was governed by the Administrative Procedures Act, 75 O.S.1971 § 301 et seq.

2. The Administrative Procedures Act, 75 O.S. 1971 § 302 and the Oklahoma Savings and Loan Code of 1970, 18 O.S.1971 § 381.5 grant the right to The Savings and Loan Board to adopt rules of practice and procedure. The Board adopted the following pertinent rules, 2(c)(1); (d)(1):

Notice of hearings on individual proceedings shall be given to the applicant and all interested parties so as to be received not later than twenty (20) days prior to the scheduled hearing date.

Interested parties to individual proceedings shall be as deemed by the Board; provided, however, with respect to an application for new charter or the establishment of a branch

office, interested parties shall be deemed to include all savings and loan associations, or any branch office of a savings and loan association, within a radius of fifty (50) miles of the site of the applicant's proposed home office or branch described in the application.

3. The Board rules, § 2(e)(1) provide:

Parties as may desire to intervene or protest any individual proceedings shall give notice of such intent not later than twenty (20) days from the date that notice by the Board shall have been issued to interested parties. The Board shall, upon receipt of any such notice which is timely filed, conduct such investigation and inquiry as it shall determine necessary and thereafter shall issue notice to the applicant and all parties who shall have given timely notice of intent to intervene or protest, the date and location of the scheduled hearing.

tion to the Board's failure to grant a continuance was interjected by appellants. It was their contention that without sufficient preparation intelligent cross-examination was impossible, and no offer of proof was made to the Board concerning the feasibility of granting the charter, nor were proposed findings of fact and conclusions of law proffered.

Due process requires adequate notice and a realistic opportunity to appear at a hearing in a meaningful time and in a meaningful manner. The right to be heard is of little value unless adequate notice is given, and due process is violated by the mere act of exercising judicial power upon process not reasonably calculated to apprise *interested parties* of the pendency of an action.[4]

A person is a party to an administrative proceeding either by being named as such, becoming a party by applicable statutory law, or if his interest therein is of constitutional proportions.[5] Interested parties are those who have a legally recognized private interest, and not simply a possible pecuniary benefit.[6] A "party" under the Administrative Procedures Act is defined as a person named and participating in or properly seeking and entitled by law to participate in an individual proceeding.[7] The Board rules define interested parties as all savings and loan associations or any branch offices thereof within a fifty mile radius.[8] The Oklahoma Banking Code, 6 O.S.1975 Supp. § 306(C), contains a similar provision concerning notice. It requires that notice of a hearing on a bank charter be sent to all banks and trust companies doing business in the county where the proposed bank or trust company is to be located, and to all banks and trust companies within a thirty-five mile radius of the proposed bank or trust company. Notice by publication is required in a newspaper of general circulation within the community where the proposed bank is to be located. No provision is made by the Banking Code for notice to savings and loan associations doing business in the area.

Whenever a person's interests are to be affected by an application for the exercise of judicial power dependent upon

4. *Boddie v. Connecticut*, 401 U.S. 371, 378, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); *Schroeder v. City of New York*, 371 U.S. 208, 211, 83 S.Ct. 279, 9 L.Ed.2d 255, 89 A.L.R.2d 1398 (1962); *Riverside & Dan River Cotton Mills v. Menefee*, 237 U.S. 189, 35 S.Ct. 579, 59 L.Ed. 910 (1915); *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S.Ct. 779, 58 L.Ed. 1363, 1369 (1914); *Bomford v. Socony Mobil Oil Co.*, 440 P.2d 713, 719 (Okl.1968); *Simms v. Hobbs*, 411 P.2d 503, 510 (Okl.1966).

The United States Supreme Court in *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 313–315, 70 S.Ct. 652, 657, 94 L.Ed. 865, 872–874 (1949) determined interested parties should be provided the full opportunity to appear and be heard, the Court said:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. * * * but when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it."

In *Schroeder v. City of New York*, 371 U.S. 208, 212, 83 S.Ct. 279, 282, 9 L.Ed.2d 255 (1962), the United States Supreme Court said:

"The requirement that parties be notified of proceedings affecting their legally protected interests is obviously vital corollary to one of the most fundamental requisites of due process—the right to be heard. This right has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear, or default, acquiesce or contest."

5. *Commonwealth Ins. Department v. Pennsylvania Coal Mining Assn.*, 25 Pa.Cmwlth. 3, 358 A.2d 745, 748 (1976).

6. *Local 282 Int'l Bro. of Teamsters v. N.L.R.B.*, 339 F.2d 795, 800 (2d Cir. 1964).

7. It is provided by 75 O.S.1971 § 301(8):

"Party means a person or agency named and participating, or properly seeking and entitled by law to participate, in an individual proceeding."

8. See note 2, infra.

issues of fact or law, the common law demands that he be given a hearing upon due notification. However, one who has no interest to protect may not insist that he receive notice.[9] Appellants have no license or exclusive franchise protected by law and although they may be injured by competition, this is lawful competition presenting a possible loss without injury in the legal sense. The potential economic competition and possible subsequent denial of a position appellants previously enjoyed does not entitle appellants to notice of the hearing. Mere economic competition made possible by governmental action does not give standing to restrain such action.[10] In order to be entitled to a hearing before a charter is approved for a branch office of a savings and loan, it must be shown that appellant will be adversely affected in a legal or property right. The right to be free from competition is not a vested property right,[11] and because it is not, the appellants were not entitled to notice of the hearing. Even if the appellants had been entitled to statutory notice, the record reflects they received actual notice, and as a general rule, one having actual notice is not prejudiced by, and may not complain of failure to receive statutory notice.[12] The function of notice is to state the time, place, and purpose of the hearing to persons entitled to the notice so they may attend the hearing and express their views. The burden of proving that the notice was not sufficient is on the person asserting lack of proper notice.[13] In this instance, the appellants failed to meet the burden of proof.

The appellants argue a continuance should have been granted in order to permit adequate preparation. However, one who urges more time to prepare must produce evidence of his due diligence during the period which he had to prepare.[14] The appellants were not entitled to notice as interested parties, produced no evidence of due diligence in preparation after the time actual notice was received, and although the Board was given notice that appellants wished to intervene they refused to participate in the hearing.

An administrative body possesses broad discretion on whether to allow or deny a continuance, and it is a discretion which must be exercised judiciously and not arbitrarily. A continuance should not be denied where it is clearly required by the ends of justice, but refusal to grant a continuance does not constitute reversible error unless an abuse of discretion is shown.[15]

The general rule is that one who has been notified to attend a certain proceeding and does so, cannot be heard to complain of the sufficiency of the notice because the notice has served its purpose. This rule also applies to one who appears in an administrative proceeding without the notice to which he is entitled by law.[16] The appellants were not entitled to notice under either the Administrative Procedures Act or the rules promulgated by the Board. The Board rules permitted intervention by appellants, but they refused to participate in the hearing even though First National Bank of

9. 1 M. Merrill, "Merrill on Notice," p. 534–35, §§ 530–31 (1952).

10. See Fugazy Travel Bureau, Inc. v. C.A.B., 121 U.S.App.D.C. 335, 340–343, 350 F.2d 733, 738–741 (1965).

11. Guthrie Cotton Oil Co. v. Farmers Custom Gin, 156 Okl. 16, 9 P.2d 32 (1932); Choctaw Cotton Oil Co. v. Corporation Commission, 121 Okl. 51, 247 P. 390, 391 (1926).

12. Converse v. Udall, 262 F.Supp. 583 (D.Or. 1966); aff'd, 399 F.2d 616 (9th Cir. 1969); cert. den'd., 393 U.S. 1025, 89 S.Ct. 635, 21 L.Ed.2d 569 (1969); Murphy v. Berlin Bd. of Education, 167 Conn. 368, 355 A.2d 265, 269 (1974).

13. In re Joint School Dist. No. 2, 15 Wis.2d 517, 113 N.W.2d 141, 145 (1962).

14. Oklahoma Gas & Electric Co. v. Chez, 527 P.2d 165, 167 (Okl.1974); In re Alteration of School District Boundaries of Dist. No. 42, 187 Okl. 686, 105 P.2d 536 (1940).

15. Brown v. Air Pollution Control Bd., 37 Ill.2d 450, 227 N.E.2d 754, 33 A.L.R.3d 222 (1967); Northern National Bank v. Banking Bd., 511 P.2d 940, 942 (Colo.App.1973).

16. DeLuca v. Bd. of Supervisors of Los Angeles County, 134 Cal.App.2d 606, 286 P.2d 395, 398 (1955).

**998**

Cleveland had notice of the hearing for almost a month.

We find appellants have failed to show the Board abused its discretion in refusing to grant a continuance or that its failure to do so constituted reversible error.

AFFIRMED.

All of the Justices concur.