Dear Director Frosco,
The Attorney General has received your request for an opinion wherein you asked the following question:
"If an employee presents proof to the State Personnel Board thatan intra-agency transfer is for other than a legitimate businessnecessity, does the exclusionary provision of 74 O.S. 833 (1978),conflict with any part of the Constitution of Oklahoma and/or theConstitution of the United States?"
The exclusionary language of 74 O.S. 833 (1978) would prevent the foregoing hypothetical from ever occurring. The State Personnel Board does not have the jurisdiction to entertain proof relating to intra-agency transfers. In pertinent part, 74 O.S. 833 provides:
 "An intra-agency transfer shall not be cause for appeal. A state agency shall have sole and final authority to designate the place or places where its employees shall perform their duties; and the State Personnel Board shall not have jurisdiction to entertain an appeal of an employee from action of the employing agency transferring the employee from one county or locality to another, or changing the assigned duties of the employee, or relieving the employee from performance of duty at a particular place and reassigning to the employee duties to be performed at another place, if the same does not result in a change in job classification or reduction of salary." (Emphasis Added)
Any proof, therefore, would need to be directed to the employing agency.
Irrespective of the foregoing, there would be no denial of due process of law. The Due Process Clause of the Fourteenth Amendment provides:
 "Nor shall any State deprive any person of life, liberty, or property without due process of law * * *."
However, the requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment. Board of Regents v. Roth, 408 U.S. 564, 33 L.Ed.2d 548, 92 S.Ct. 2701 (1972). One who has no interest to protect may not claim a denial of due process. The complainant must show that he/she will be adversely affected in a legal or property right. First National Bank v. Oklahoma Savings 
Loan Board, 569 P.2d 993 (Okla. 1977).
It is clear that an employee's desire to work in a given locale is not within the parameters of "liberty" and "property" interests as defined in Roth, supra:
 "While this Court has not attempted to define with exactness the liberty . . . guaranteed by the Fourteenth Amendment, the term has received much consideration and some of the included things have been definitely stated. Without doubt, it denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized . . . as essential to the orderly pursuit of happiness by free men." 408 U.S. at 572.
 "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined.
 Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." 408 U.S. at 577.
Thus, the Fourteenth Amendment's protection is a safeguard only to property interests already acquired in specific benefits. Although an agency employee may have acquired an "expectancy of continued employment," the clear language of 74 O.S. 833 (1978) indicates that the Legislature opted to confer only a limited right — in that continued employment is subject to a change in assigned duties or place of performance. See also Umholtz v. City of Tulsa, 565 P.2d 15 (Okla., 1977).
One does not have a constitutionally protected interest against transfer. The express language of 74 O.S. 833 would prevent such from becoming more than a mere subjective expectancy. And a mere subjective expectancy is not an interest in property protected by procedural due process. Perry v. Sinderman, 408 U.S. 593, 33 L.Ed.2d 570, 92 S.Ct. 2694
(1972).
It is, therefore, the opinion of the Attorney General that 74 O.S. 833(1978), which states that the State Personnel Board does not have appealjurisdiction relating to intra-agency transfers not resulting in a changeof job classification or a reduction of salary, does not violate the DueProcess Clauses of the United States or Oklahoma Constitutions.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
TIMOTHY S. FRETS, ASSISTANT ATTORNEY GENERAL