OPINION — AG — A NOTICE ACCOMPANYING THE ANNUAL REGISTRATION, INDICATING THAT THE REGISTRANTS ARE SUBJECT TO POSSIBLE LICENSE REVOCATION IF THEY DO NOT REGISTER, IS NOT SUFFICIENT NOTICE TO COMPLY WITH NOTICE REQUIREMENTS UNDER THE ADMINISTRATIVE PROCEDURES ACT. (PUBLIC ACCOUNTANCY, STATUTES AND REPORTS, PROFESSIONS AND OCCUPATIONS) CITE: 59 O.S. 1971 15.1 [59-15.1], 59 O.S. 1971 15.19 [59-15.19], 75 O.S. 1971 301 [75-301], 75 O.S. 1971 309 [75-309], 75 O.S. 1971 314 [75-314] [75-314] (KAY HARLEY JACOBS) FILENAME: m0012655 Bill J. Horne Board of Public Accountancy Attorney General of Oklahoma — Opinion November 26, 1980 JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA The Attorney General is in receipt of your request for an official opinion wherein you ask, in effect, the following question: Whether a notice, setting forth the time, date and Place of a hearing for any registrant who fails to register, which is sent out with the annual registration form to all registrants, is sufficient to meet the notice requirement of the Administrative Procedures Act? The statutes creating the State Board of Public Accountancy are found in Title 59 O.S. 15.1 [59-15.1] at Section 15.1 et seq. Public Accountants are required by 59 O.S. 15.19 [59-15.19] to register and pay a fee each year on or before July 31. Failure to register constitutes grounds for license revocation or suspension by the Board after notice and hearing. Your question asks whether the Board can send to each registrant, along with the annual registration form, a notice of formal hearing which would be applicable only to those who fail to register. It should be noted that the State Board of Public Accountancy is subject to the provisions of the Administrative Procedures Act at 75 O.S. 301 [75-301] (1971) et seq., as amended. Section 75 O.S. 309 [75-309] of the Act provides that in an individual proceeding, a party must receive reasonable notice. Section 75 O.S. 314 [75-314] provides further that an agency may not revoke or suspend any license unless prior to such proceedings the agency gives notice to the licensee of the facts or conduct which warrant the intended action. Where notice of an intended hearing is sent to a registrant at the same time as the annual registration form, no cause of action has accrued against the individual and, therefore, the Board would not be giving a licensee notice of the actual conduct which warranted the intended proceedings. When it is necessary for an individual to procure a license to engage in a particular profession, the power to revoke that license, once granted, is penal in nature and should be strictly construed. See State v. Guardian Funeral Home, Okl.429 P.2d 732 (1967). The requirement of reasonable notice to a party whose interests are to be affected by the proceeding of an agency is a fundamental requirement of due process. See First National Bank v. Oklahoma Savings and Loan Board, 569 P.2d 993 (1977). It would not be reasonable to notify an individual of proceedings against him prior to the time when the individual's conduct warrants such a proceeding. It is, therefore, the official opinion of the Attorney General that a notice accompanying the annual registration, indicating that the registrants are subject to possible license revocation if they do not register, is not sufficient notice to comply with the notice requirements under the Administrative Procedures Act. (Kay Harley Jacobs)